JUSTICE TRIEWEILER
dissenting.
I dissent from the majority’s conclusion that Jack G. Pletcher was a resident of Montana for purposes of income tax liability during the years 1982 through 1992. In order to arrive at that conclusion, the majority has necessarily had to extract a portion of the applicable residency statute and completely ignore the remaining language in the same statute.
The only relevant definition of “residency,” for purposes of determining whether Pletcher was a resident during the years at issue, is the definition found in Montana’s Income Tax Code at § 15-30-101(16), MCA. That section provides that:
“Resident” applies only to natural persons and includes, for the purpose of determining liability to the tax imposed by this chapter with reference to the income of any taxable year, any person domiciled in the state of Montana and any other person who maintains a permanent place of abode within the state even though temporarily absent from the state and who has not established a residence elsewhere.
(Emphasis added.)
The majority opinion uses “domiciled” and “person who maintains a permanent place of abode” interchangeably. “Domicile” is not otherwise defined in the majority opinion. Therefore, the discussion in the dissent is limited to the conclusion on which the majority’s decision is based. That conclusion is that: “Section 15-30-101(16), MCA, clearly provides that ‘resident’ includes all other persons who have a ‘permanent place of abode’ in the state of Montana.”
The majority completely ignores the remainder of the definition which further limits residency to those who are “temporarily absent from the state” and have “not established a residence elsewhere.” (Emphasis added.) In other words, if Pletcher was located in Alaska *426 permanently, or if he had established residency in Alaska, it makes no difference that he had a permanent place of abode in Montana.
In spite of this plain language, neither the Department of Revenue’s hearing examiner, the State Tax Appeal Board, the District Court, nor the majority, have even considered the residency requirements for Alaska, or whether Pletcher satisfied those requirements. An examination of Alaska’s residency requirement leads to the conclusion that Pletcher clearly was a resident of Alaska. Alaska Stat. § 01.10.055 (1983) provides as follows:
(a)A person establishes residency in the state by being physically present in the state with the intent to remain in the state indefinitely and to make a home in the state.
(b) A person demonstrates the intent required under (a) of this section
(1) by maintaining a principal place of abode in the state for at least 30 days or for a longer period if a longer period is required by law or regulation; and
(2) by providing other proof of intent as may be required by law or regulation, which may include proof that the person is not claiming residency outside the state or obtaining benefits under a claim of residency outside the state.
(c) A person who establishes residency in the state remains a resident during an absence from the state unless during the absence the person establishes or claims residency in another state, territory or country, or performs other acts or is absent under circumstances that are inconsistent with the intent required under (a) of this section to remain a resident of this state.
Pletcher satisfied all the requirements for residency in the state of Alaska. He was employed there for over ten years on a full-time basis. He had a permanent apartment there (private homes were not available). He spent seven to eight months per year in Alaska during this entire time, and visited his family in Columbia Falls during only those brief periods when he was granted leave. His permanent return to Montana had not been planned. It occurred because his employer’s operations terminated in 1992. In the terms of the statute, he was physically present in the state with the intent to remain in the state indefinitely, as demonstrated by the fact that his principal place of abode was in that state for more than thirty days, and other than a brief period during 1983, he did not claim residency outside of the state for purposes of obtaining benefits.
*427 The State Tax Appeal Board (STAB) specifically found that:
It is clearly recognized that Mr. Pletcher was not in Alaska for temporary employment purposes. He was in fact a permanent employee, for employment purposes, working the same periods, shifts, and hours as other employees of this company, according to the evidence that has been presented to the Board. The Board agrees with the taxpayer that he was not taking on “some seventy to eighty separate ‘temporary’jobs for the same employer at the same location over an eleven year period.”
Therefore, based on the STAB’s own finding, Pletcher was not out of the state temporarily.
The majority completely ignores those parts of § 15-30-101(16), MCA, which link residency in Montana to a “temporary absence” from the state, and which exclude from residency those persons who have established a residence elsewhere.
Instead, the majority discusses those factors set forth in § 1-1-215(1), MCA; § 42.15.102(1), ARM, which describes how a new domicile is acquired; and the Minnesota Supreme Court’s decision in Manthey v. Commissioner of Revenue (Minn. 1991), 468 N.W.2d 548.
Those factors for determination of residency which are set forth in § 1-1-215(1), MCA, are irrelevant. Residency for purposes of income tax liability is specifically defined in Montana’s Tax Code at § 15-30-101(16), MCA.
The discussion at § 42.15.102(1), ARM, regarding the method for changing domicile, sheds no light on the issue before the Court because domicile is not defined, and if it is being used interchangeably with residency, it is clear that Pletcher changed his domicile by intending to do so and actually removing himself from Montana and acquiring a new domicile. Furthermore, as is apparent from the previous discussion, his absence from this state was by no means temporary.
Finally, the Minnesota Supreme Court’s decision in Manthey is irrelevant to the discussion in this case because that decision was not based on a statutory definition of residency similar to the Montana Tax Code’s definition, by which we are bound.
The majority also attaches some significance to the fact that during tax years 1983,1984, and 1986 Pletcher claimed that the money spent on airline tickets to Alaska were “away-from-home business expenses.” That fact has no significance. Presumably, the tickets provided round-trip transportation, and since Pletcher owned a sheep *428 ranch in Montana, the travel would have been business related regardless of which location he considered his home.
I conclude that to recover income taxes from persons whose sole source of income is derived outside the state of Montana, the Department of Revenue must prove that that person is temporarily absent from the state and has not established residency elsewhere. In this case, it was clearly established that Pletcher was permanently absent from the state and had established a residence elsewhere. Therefore, I dissent from the majority opinion. I would reverse the judgment of the District Court.